UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE TRAVELERS LLOYDS INSURANCE COMPANY *as Real Party in Interest and Subrogee of JE Kingham Construction Company*,<br>Plaintiff<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br>Defendant | § § § § § § § § § § § § | Civil No. CC-08-251 |

## ORDER GRANTING MOTION TO BIFURCATE

Pending before the Court is Defendant The Sherwin-Williams Company's motion to bifurcate trial of this case into two separate issues: (1) the cause and origin of the fire, and (2) whether the stain's label failed to provide an adequate warning against spontaneous combustion. *See* D.E. 135. Plaintiff opposes bifurcation on the ground that it will inconvenience its witnesses and the jury. *See* D.E. 136.

On November 8, 2010, the Court held a telephone conference to further consider the merits of the motion. Plaintiff intends to call two expert witnesses, Kevin Guge and Michael McClure, and three fact witness, Steve Wright, Horace Cardwell, and Wade Bridwell to testify about the cause and origin of the fire. Defendant does not challenge the admissibility of their testimony and will not call these witnesses in defense of the stain's label. Defendant will call one expert witness, John DeHaan, to testify about the cause and origin of the fire.

1

Plaintiff does not challenge the admissibility of his testimony. The parties agree that none of these witnesses will be called to testify on the adequacy of the stain's label. It is undisputed that if Plaintiff is unable to prove that spontaneous combustion of the stain caused the fire, a trial on whether the stain's label provides an adequate warning against spontaneous combustion will be unnecessary.

Based on the foregoing, the Court finds bifurcating trial of this case into two separate issues has the potential of expediting resolution of this case and saving the parties, their witnesses, and the jury's time and resources. *See* Fed. R. Civ. P. 42(b). The cause and origin of the fire is a distinct and separate issue from whether the stain's label provides an adequate warning against spontaneous combustion, i.e. whether the label complies with the FHSA. These issues may be tried separately without prejudice to either party. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993).

Defendant's motion to bifurcate is GRANTED (D.E. 135). This case will be tried in two phases. In the first phase, a trial will be held to determine the cause and origin of the fire. If Plaintiff is able to prove that spontaneous combustion of the stain caused the fire, trial will proceed to the second phase to determine whether the stain's label provided an adequate warning against spontaneous combustion. If Plaintiff is unable to prove that spontaneous combustion of the stain caused the fire, the trial will conclude..

Defendant's Motion for Clarification of the Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment is DENIED (D.E. 130).

ORDERED this 15 day of Nov, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE